IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH C. MCKEE,<br><br>               Plaintiff,<br><br>    vs.<br><br>EFEST, (Shenzhen Fest Technology Co., LTD), A Foreign Corporation.; and R-L SALES, an LLC licensed and incorporated In the State of Utah;<br><br>               Defendants. | **4:20CV3002**<br><br><br>**ORDER** |

Defendant R-L Sales, LLC orally moved to compel Plaintiff to provide full and complete Rule 26(a)(1) disclosures. The court convened a hearing on the issue. Counsel for the Plaintiff and for Defendant R-L Sales attended the hearing.

Defense counsel states that Plaintiff's mandatory disclosures were incomplete, including but not limited to Plaintiff's failure to disclose his computation of damages as required under Rule 26(a)(1)(A)(iii). Plaintiff's counsel states he served the information he has at this time.

The court cannot order Plaintiff to provide documents he may not possess or be able to obtain at this time. But the Plaintiff is currently be able to obtain information to compute his special damages to date; e.g., lost wages, medical expenses, etc. arising from the personal injury underlying this lawsuit, and he is able to provide the documentation supporting those claims. Fed. R. Civ. P 26(a)(1)(A)(iii) requires that disclosure as part of Plaintiff's initial disclosures, without awaiting receipt of a discovery request. The purpose of this rule is to limit

the expense of litigation, and it may also assist with any efforts to settle this case at the outset of the lawsuit.

Based on the information before the court, Plaintiff has not provided to his counsel the information needed to collect records and to serve a full and complete computation of damages as required under Fed. R. Civ. P 26(a)(1)(A)(iii).

Accordingly,

IT IS ORDERED:

1)      On or before October 14, 2020, Plaintiff shall disclose to Defendant R-L Sales his full and complete computation of damages, along with supporting documents, as required under Fed. R. Civ. P 26(a)(1)(A)(iii). Plaintiff's counsel shall file a certificate of service on the docket when these disclosures are served.

2)      Plaintiff is hereby notified that failure to timely comply with this order may result in dismissal of this case, with prejudice, for want of prosecution without further notice.

3)      Plaintiff's counsel shall mail a copy of this order to Plaintiff, and Plaintiff's counsel shall file a certificate of service stating the date of the mailing and the Plaintiff's mailing address.

4)      The clerk shall set an internal case management deadline of October 14, 2020 to check for compliance with this order.

September 23, 2020.

BY THE COURT:

s/ Cheryl R. Zwart
United States Magistrate Judge